UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, et al. | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-01923-JPH-MG |
| | ) | |
| CONCRETE STRATEGIES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

Plaintiffs—five employee-benefit trust funds and a local union—allege that Concrete Strategies has breached collective bargaining agreements by refusing to allow an audit of its wage and fringe-benefit payments. Concrete Strategies has filed a motion to dismiss. Dkt. [15]. For the reasons below, that motion is **DENIED**.

## I.
## Facts and Background

Because Concrete Strategies has moved for dismissal under Rule 12(b)(6), the Court accepts and recites "the well-pleaded facts in the complaint as true." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

Under two contracts with an international union (which is not a party to this case), Concrete Strategies must pay certain wage and fringe-benefit contributions for its employees. Dkt. 1 at 3–4. The first contract, a Standard Construction Agreement ("SCA"), requires Concrete Strategies "to comply with the contractual wages [and] fringe benefits . . . established between the

1

International Union affiliates and [employers] in the localities in which [Concrete Strategies] does any work within the jurisdiction of the International Union." *Id.*; dkt. 1-1 (SCA). The other contract, a National Maintenance Agreement ("NMA"), similarly requires Concrete Strategies to pay wages and "Welfare Funds, Pension Funds, Apprentice Training Funds and other monetary funds" in accordance with local labor agreements. *Id.* at 4; dkt. 1-2 at 10 (NMA).[1]

One of the plaintiffs, Central Midwest Regional Council of Carpenters ("Union"), "is the bargaining representative of Concrete Strategies' bargaining carpenter and millwright employees" who work in the Union's territory. Dkt. 1 at 3. The Union has entered Collective Bargaining Agreements "in areas where Concrete Strategies performed work." *Id.* at 2, 4. Those CBAs require employers like Concrete Strategies to pay contributions to the five plaintiff trust funds and to follow the trust funds' trust agreements. *Id.* at 4–5. Under those CBAs and trust agreements, Concrete Strategies must "make monthly reports of the number of hours worked by its covered employees and pay contributions to the Trust Funds and wage deductions to the Union." *Id.* at 5.

The CBAs and trust agreements also require employers to cooperate with audits "in order to determine the accuracy of the contributions remitted." *Id.* at 4–5. Plaintiff trust funds sought to audit Concrete Strategies under those agreements, but Concrete Strategies refused. *Id.* at 5–6. Plaintiffs therefore

---

[1] The Court considers the SCA and NMA because Plaintiffs attached them to the complaint. *See Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013).

brought this action, seeking court orders requiring Concrete Strategies to comply with Plaintiffs' demand for an audit and to pay any owed contributions and wage deductions. *Id.* at 6–7. Concrete Strategies has filed a motion to dismiss. Dkt. 15.

## II.
## Rule 12(b)(6) Standard

Defendants may move under Federal Rule of Civil Procedure 12(b)(6) to dismiss claims for "failure to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A facially plausible claim is one that allows "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, a complaint "must allege enough details about the subject-matter of the case to present a story that holds together," *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021), "but it need not supply the specifics required at the summary judgment stage." *Graham v. Bd. of Educ.*, 8 F.4th 625, 627 (7th Cir. 2021).

When ruling on a 12(b)(6) motion, the Court "accept[s] the well-pleaded facts in the complaint as true, but legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." *McCauley*, 671 F.3d at 616. "It is enough to plead a plausible claim, after which a plaintiff receives the benefit of imagination, so long as the

hypotheses are consistent with the complaint." *Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 848 (7th Cir. 2017).

### III.
### Analysis

Concrete Strategies argues that Plaintiffs' complaint must be dismissed because it does not allege "facts supporting Concrete Strategies' obligations to contribute to [the trust funds] under the NMA or the SCA." Dkt. 16 at 4–8. For the NMA, Concrete Strategies argues that it applies only if extended to specific worksites "on a location by location basis." *Id.* at 6. And for the SCA, Concrete Strategies argues that Plaintiff trust funds must have signed an "International Union National Reciprocal Agreement" to be able to collect contributions and that the Union must have "authorization cards signed by employees." *Id.* at 6–8. Plaintiffs respond that they are not required to plead those details to put Concrete Strategies on notice of plausible claims. Dkt. 17 at 5–7.

A claim is plausible if it alleges "enough details about the subject-matter of the case to present a story that holds together." *Bilek*, 8 F.4th at 586. "Some specific facts" are therefore required, but not every detail. *Id.* Plaintiffs are required only "to plead *claims* rather than facts corresponding to the elements of a legal theory," *Chapman*, 875 F.3d at 848. It's therefore "manifestly inappropriate for a district court to demand that complaints contain all legal elements (or factors) plus facts corresponding to each." *Id.* In short, "the federal courts require notice pleading, not fact pleading complete

with all the minutiae." *Auto Driveway Franchise Sys., LLC v. Auto Driveway Richmond, LLC*, 928 F.3d 670, 675 (7th Cir. 2019).

Here, the complaint's allegations are sufficiently detailed to cross the plausibility threshold. The complaint identifies the NMA and SCA as the source of Concrete Strategies's obligation to make contributions for employee benefits under local collective bargaining and trust agreements. Dkt. 1 at 3–4; dkt. 1-1; dkt. 1-2. The complaint further alleges that, under the NMA and SCA, local CBAs require Concrete Strategies to submit to payroll compliance audits of those contributions. Dkt. 1 at 5. Concrete Strategies argues in reply that these allegations "are contradicted by the written terms of the NMA and SCA." Dkt. 18 at 2. But Concrete Strategies identifies no conflict with clear contractual language. *See McWane Inc. v. Crow Chi. Indus., Inc.*, 224 F.3d 582, 584 (7th Cir. 2000) ("The unambiguous contract controls over contrary allegations in the plaintiff's complaint.").

Instead, Concrete Strategies relies on the absence of allegations for certain steps that must be met before the CBAs are enforceable under the NMA and SCA:

- "Plaintiffs have not alleged that Concrete Strategies worked on any projects within any applicable geographic territory for which approval was sought under the NMA."
- "Plaintiff's Complaint does not allege that any of the five Plaintiff-Funds have signed an International Union National Reciprocal Agreement [under the SCA]."

Dkt. 16 at 2–5. It cites no case, however, holding that facts for every prerequisite term within a contract must be pleaded for a plausible breach-of-

5

contract claim. *See* dkt. 16 at 4–8. Instead, the Seventh Circuit has explained that plaintiffs are not required to plead each fact that eventually must be proven to prevail. *See Bilek*, 8 F.4th at 587 (holding that allegations stated plausible claims without deciding whether they were "sufficient, if true, to prove" the claims); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) ("A complaint need not allege all, or *any*, of the facts logically entailed by the claim and it certainly need not include evidence."). Plaintiffs therefore are not required to plead every prerequisite for liability with specific factual allegations. *See Deslandes v. McDonald's USA, LLC*, 81 F.4th 699, 705 (7th Cir. 2023) ("Some language in the district court's opinions suggests that a complaint must contain enough to *win*, but that is not so.").

In short, it's enough that Plaintiffs allege sufficient detail about the contractual layers "to give the opposing party notice of what the case is all about and to show how, in the plaintiff's mind at least, the dots should be connected." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 405 (7th Cir. 2010). Plaintiffs' complaint does that here by tracing Concrete Strategies' contractual obligations from the NMA and SCA, to the local CBAs, to the audit requirements in the trust agreements. Concrete Strategies argues that "[t]he active dispute in this case is whether Concrete Strategies was bound to the thirty-one collective bargaining agreements alleged by Plaintiffs through the SCA and NMA." Dkt. 16 at 2. On a developed factual record, perhaps Concrete Strategies will be able to show that Plaintiffs cannot prove-up one or more of the conditions precedent necessary to establish liability. But at this stage of

the case, the complaint gives Concrete Strategies "fair notice" of a plausible claim, and no more is required.  *Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 517 (7th Cir. 2015).

Concrete Strategies' remaining arguments also do not support dismissal. It argues that Plaintiffs lack standing to pursue monetary damages for delinquent contributions because they are speculative until an audit is conducted.  Dkt. 16 at 4, 8.  While Plaintiffs acknowledge that the amount of unpaid contributions is "unknown," they have alleged that Concrete Strategies "refused to allow" an audit of its "obligat[ions] to pay wages and fringe benefit contributions" and is required to provide "information . . . to determine the accuracy of the contributions remitted by Concrete Strategies."  Dkt. 1 at 3–5. Those allegations "support a plausible inference that [Plaintiffs] suffered a concrete detriment" in unpaid contributions.  *Brazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274, 281 (7th Cir. 2020) ("True, her complaint didn't detail such an injury.  But complaints need not be elaborate."); *Chapman*, 875 F.3d at 848 ("It is enough to plead a plausible claim, after which 'a plaintiff 'receives the benefit of imagination, so long as the hypotheses are consistent with the complaint'").  In this situation, "the details . . . have to be resolved later."  *Mack v. Resurgent Cap. Servs., L.P.*, 70 F.4th 395, 405 (7th Cir. 2023) (reversing dismissal for lack of standing).[2]  Standing is not removed merely because

---

[2] Concrete Strategies does not raise a factual challenge to standing by alleging that all owed contributions have been paid, *see* dkt. 16; dkt. 18, which may have required an evidentiary hearing to resolve, *Bazile*, 983 F.3d at 281.  Instead, it argues that it "may not be [contractually] required to make" the "delinquent contributions" that Plaintiffs seek, which is a merits argument suited for a later stage of this case.  *See Pit Row, Inc.*

potential damages are "for a later stage" if Plaintiffs can prove liability. *Thomas v. JBS Green Bay, Inc.*, 120 F.4th 1335, 1337 (7th Cir. 2024) ("[C]omplaints need not plead damages . . . . Prevailing parties receive the relief to which they are entitled, no matter what was in (or missing from) the complaint.").

Last, Concrete Strategies argues that it would violate due process if it had to participate in "a de facto audit" in discovery before its contractual obligation to submit to an audit is established. Dkt. 16 at 12–13. Concrete Strategies does not explain why this discovery concern would justify dismissal under Rule 12(b)(6) or why Rule 26's protections are insufficient. *See id.*; *Reed v. Columbia St. Mary's Hosp.*, 915 F.3d 473, 479 (7th Cir. 2019). Furthermore, Concrete Strategies may raise this issue with Magistrate Judge Garcia, which would alleviate any due process concerns. *See Wanko v. Bd. of Trs. of Ind. Univ.*, 927 F.3d 966, 970 n.2 (7th Cir. 2019) (There is "no due process violation" when the party is "allowed . . . to argue [its] discovery issues.").

**IV.**
**Conclusion**

Concrete Strategies' motion to dismiss is **DENIED**. Dkt. [15].

**SO ORDERED.**

Date: 5/13/2025

James Patrick Hanlon
United States District Judge
Southern District of Indiana

---

v. Costco Wholesale Corp., 101 F.4th 493, 501 (7th Cir. 2024) ("Were we to require more than a colorable claim [for damages], we would decide the merits of the case before satisfying ourselves of standing.").

Distribution:

All electronically registered counsel